22-1840-cv
*Gray v. Nestle Waters North America, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by federal rule of appellate procedure 32.1 and this court's local rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the federal appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November two thousand twenty-three.

PRESENT:
> JOSÉ A. CABRANES,
> DENNY CHIN,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

Michele Gray, on behalf of M.G. (a minor),

> *Plaintiff-Appellant*,

> v.

22-1840

Nestle Waters North America, Inc.,

> *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:    MICHELE GRAY, *pro se*,
                            Rensselaer, NY.


FOR DEFENDANT-APPELLEE:     JUDY C. SELMECI, Wilson

Elser Moskowitz Edelman & Dicker LLP, New York, NY.

Appeal from a July 28, 2022, judgment of the United States District Court for the Northern District of New York (David N. Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Michele Gray, proceeding *pro se*, appeals the district court's grant of summary judgment to Nestle Waters North America, Inc. ("Nestle"). Gray sued Nestle, alleging that she became ill after consuming Poland Spring bottled water, a Nestle product. The district court granted Nestle's motion for summary judgment, finding that no genuine dispute of material fact existed and Nestle was entitled to judgment as a matter of law. The district court held that no reasonable jury could return a verdict for Gray on her product liability claims because Gray had "offered no evidence at all in support of her assertion that she was exposed to any contaminant in the Poland Spring water she consumed, let alone a contaminant that could have caused the injuries of which she complains." *Gray v. Nestle Waters N. Am., Inc.*, No. 1:20-CV-713, 2022 WL 2984127, at *3 (N.D.N.Y. July 28, 2022). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

2

We review a grant of summary judgment *de novo*, construing facts in the light most favorable to Gray, and resolving all ambiguities and drawing all reasonable inferences against the moving party, Nestle. *See Kee v. City of New York*, 12 F.4th 150, 157–58 (2d Cir. 2021). Summary judgment should only be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists when "the evidence is such that a reasonable jury could decide in the non-movant's favor." *Kee*, 12 F.4th at 158 (internal quotation marks and citation omitted). Because Gray is *pro se*, we liberally construe her filings to raise the strongest arguments they suggest. *See Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022) (per curiam). However, reliance upon conclusory statements or mere allegations is not sufficient to defeat a summary judgment motion. *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 532–33 (2d Cir. 1993); Fed. R. Civ. P. 56(e).

We agree with the district court that Nestle is entitled to judgment as a matter of law. In New York, in a strict products liability claim, "the manufacturer of a defective product is liable to any person injured or damaged if the defect was a substantial factor in bringing about his injury or damages." *Doomes v. Best Transit Corp.*, 17 N.Y.3d 594, 607–08 (2011) (internal quotation marks and citation omitted). The district court correctly determined that Gray offered no evidence that Poland Spring water was a substantial factor contributing to her injuries, other than her own subjective beliefs. Gray's support

3

for her claim was her assertion that the "only components that [her] body receives are water, food, medication, and herbals" and that she "knows that the [Poland Spring] water made her sick." Such conclusory and speculative statements are insufficient to maintain Gray's cause of action against Nestle, be it for products liability, breach of warranty, or negligence. *See Ying Jing Gan*, 996 F.2d at 532–33, 536; *see also Speller ex rel. Miller v. Sears, Roebuck & Co.*, 100 N.Y.2d 38, 41 (2003). Indeed, Gray's arguments on appeal do not change our conclusion.

Likewise, we also find Gray's argument that the district court should have permitted her to amend her already once-amended complaint, rather than granting summary judgment to Nestle, meritless. Our review of a district court's denial of leave to amend is for abuse of discretion, "unless the denial was based on an interpretation of law, such as futility, in which case we review the legal conclusion *de novo*." *Empire Merchs., LLC v. Reliable Churchill LLLP*, 902 F.3d 132, 139 (2d Cir. 2018) (internal quotation marks and citation omitted). Although district courts should not dismiss a *pro se* complaint without permitting at least one opportunity to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated," granting leave to amend is not necessary when amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted).

Here, the district court permitted Gray to amend her complaint once. Gray

4

advances no argument as to why further amendment to her pleadings would not have been futile. Where a plaintiff fails to specify, either in the district court or on appeal, how amendment would have cured the deficiencies in a complaint, leave to amend may be denied and its denial affirmed. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505–06 (2d Cir. 2014); *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 127 (2d Cir. 2007).

\*       \*       \*

We have considered Gray's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5